# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERNEST R. GIBSON, JR.,**
**# 281824,**

      **Plaintiff,**

**vs.**                               **Case No. 4:20cv573-TKW-MAF**

**SERGEANT GEOGERY,**
**and OFFICER GRUBBS,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted another § 1983 civil rights complaint, ECF No. 1, and in forma pauperis motion, ECF No. 2, to this Court on December 14, 2020. Over the past year, Plaintiff initiated eight prior civil rights cases in this Court: case 1:20cv115, 4:20cv254,[1] 4:20cv363, 4:20cv391, 4:20cv460, 4:20cv464, 4:20cv473, and 4:20cv483. Most of the cases were transferred because Plaintiff was not housed within the Northern District of Florida.

_____

[1] Notably, case 4:20cv254-WS-HTC was filed in this Court on May 11, 2020, but immediately closed as "having been opened in error." ECF No. 1.

Thus, this Court is familiar with this Plaintiff and notes that Plaintiff is now housed at Taylor Correctional Institution which is within the Northern District. ECF No. 1 at 2. Moreover, this Court is familiar with Plaintiff's litigation history and takes judicial notice of the fact that Plaintiff has not honestly filled out complaint form for this case.

One question on the complaint form asks whether Plaintiff had "filed other lawsuits in state or federal court" which relate to the conditions of his imprisonment. ECF No. 1 at 9. Plaintiff said that he had not done so. *Id.* at 10. The list of cases filed in this Court alone during this past year demonstrate that Plaintiff's answer is false.

Moreover, the complaint form also includes this question: "To the best of your knowledge, have you had a case dismissed based on this 'three strikes rule'?" ECF No. 1 at 8. Plaintiff responded by checking the "no" box. *Id.* That is also incorrect.

Plaintiff filed case number 4:20cv464-TKW-MAF in this Court in late September 2020. Plaintiff's in forma pauperis motion was denied and the case "dismissed pursuant to the 'three strikes' statute" on October 23, 2020. ECF No. 6. Thus, Plaintiff is well aware that he has had a case dismissed under the three strikes rule.

Case No. 4:20cv573-TKW-MAF

Moreover, the Report and Recommendation entered in that case, ECF No. 5, listed prior cases which have been dismissed as a "strike" and which prohibit Plaintiff from being granted in forma pauperis status under 28 U.S.C. § 1915(g) unless he demonstrates that he is in imminent danger of serious physical injury.  Plaintiff initiated case 6:20cv01654-PGB-LRH in the Middle District of Florida, and it was dismissed for failure to state a claim on September 16, 2020.  Plaintiff also initiated case 6:20cv1653-PGB-EJK in the Middle District.  That case was also dismissed for failure to state a claim in mid-September 2020.  Finally, Plaintiff initiated case 6:20c01399-GKS-DCI in the Middle District, and it was also dismissed for failure to state a claim on September 15, 2020.  Those three dismissals count as "three strikes" pursuant to 28 U.S.C. § 1915(g).[2]  Plaintiff should be well aware of the numerous cases he has filed, and aware that he is not

---

[2] That statute, commonly referenced as the "three strikes" provision, states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (quoted in O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

entitled to proceed with in forma pauperis status in this case unless he shows that he currently faces imminent danger.

Here, Plaintiff has not provided any factual allegations which demonstrate that he faces "imminent danger."  Plaintiff claims only that the two Defendants have not allowed him to shower.  ECF No. 1 at 4.  It appears that Plaintiff contends that Defendants will not acknowledge that he is a transgender prisoner and, apparently in so doing, are not allowing him to shower.  *Id.* at 5.  That assertion, standing alone, is insufficient to demonstrate Plaintiff faces imminent danger.  Thus, Plaintiff is not entitled to in forma pauperis status and cannot proceed with this case unless he simultaneously pays the filing fee at the time of case initiation.   *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

Furthermore, another reason to dismiss this action is apparent; Plaintiff has not completed the exhaustion process as required by 42 U.S.C. § 1997e(a).  He states that the events giving rise to his claims occurred between November 13, 2020, and December 6, 2020.  ECF No. 1 at 5.  This case was filed on December 14, 2020, and Plaintiff gave his complaint to prison officials to mail for him on December 10, 2020.  ECF No. 1 at 1.  It would be impossible for Plaintiff to have exhausted

administrative remedies in that period of time.  Indeed, Plaintiff indicates that he is still awaiting a response from the classification specialist to his grievance.  ECF No. 1 at 7.  Because exhaustion of administrative remedies is required, this case should also be dismissed pursuant to 42 U.S.C. § 1997e(a).

Finally, Plaintiff did not sign his complaint as required by Rule 11. ECF No. 1 at 11.  In the usual case, an unsigned paper should be stricken unless the litigant promptly corrects the deficiency.  Fed. R. Civ. P. 11(a). Considering that Plaintiff has not alleged a clear statement of facts showing that he faces imminent danger, there is no need to permit Plaintiff to file an amended complaint.

Because Plaintiff has had at least three cases dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim, Plaintiff's in forma pauperis motion, ECF No. 2, should be denied.  Plaintiff has not demonstrated imminent danger, he has falsely reported his litigation history, and his claim is unexhausted.  If Plaintiff seeks to litigate his claim against these Defendants, Plaintiff must initiate a new case after exhausting administrative remedies, and he must pay the full amount of the filing fee at the time he submits his complaint.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, and this case **DISMISSED without prejudice** because Plaintiff has not demonstrated that he meets the imminent danger exception of 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2020.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**